IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| KERMIT TY POULSON, <br><br> Plaintiff, <br><br> vs. <br><br> SHARIE, Executive Director, DREAM Adaptive, <br><br> Defendant. | CV 17-12-M-DLC-JCL <br><br> ORDER, and FINDINGS AND RECOMMENDATION |

**I.**   **Introduction**

Plaintiff Kermit Poulson, proceeding pro se, filed a Motion to Proceed In Forma Pauperis. Poulson submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Because it appears he lacks sufficient funds to prosecute this action IT IS HEREBY ORDERED that Poulson's Motion to Proceed In Forma Pauperis is GRANTED. This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Poulson's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary

screening of the allegations set forth in the litigant's pleading. The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Poulson's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law. *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.     **Plaintiff's Allegations**

Poulson sought to participate in a ski outing at Big Mountain in Whitefish, Montana, organized and sponsored by DREAM Adaptive. He emailed Defendant Sharie, the Executive Director of DREAM Adaptive, to inquire about going on the

ski trip, and he filled out a volunteer form. But Sharie never responded to his inquiries.

Poulson decided to go to Big Mountain despite having not heard back from Sharie. Poulson found a DREAM Adaptive volunteer at Big Mountain and that person apparently gave Poulson permission to participate in the event.

After the event, Sharie allegedly accused Poulson of criminal trespass, apparently due to his presence at the event. She told him he can never ski with DREAM Adaptive again. Therefore, Poulson complains Sharie discriminated against him.

Poulson asserts Sharie is liable for her conduct. He alleges she violated Title II of the Americans with Disabilities Act, and "42 U.S.C. 1997(d)(e)". (Doc. 2 at 6.)

## III. Discussion

Because Poulson is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the

pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

A complaint fails to state a claim for relief and, thus, is frivolous if it has "no arguable basis in fact or law." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

As noted, Poulson expressly identified specific legal claims he seeks to advance in this case. But for the reasons stated, those specific claims are not viable in this case.

Poulson alleges Defendants violated Title II of the Americans with Disabilities Act. But Title II prohibits a "public entity" – defined as a state or local governmental entity – from discriminating against a qualified individual with a disability. *Cohen v. City of Culver City*, 754 F.3d 690, 694 (9th Cir. 2014). 42 U.S.C. §§ 12131(1) & 12132. Poulson does not allege, and it is not apparent to the Court from the circumstances alleged, that Defendant Sharie, as the Executive Director of DREAM Adaptive, is a public entity under Title II. Therefore, the claim lacks merit.

Poulson also cites to "42 U.S.C. 1997(d)(e)," but no such statute or

subsection exists. There are, however, statutory provisions at sections 1997d and section 1997e.

The Court finds that 42 U.S.C. § 1997d is inapplicable to this action. It provides as follows: "No person reporting conditions which may constitute a violation under this subchapter shall be subjected to retaliation in any manner for so reporting." 42 U.S.C. § 1997d. The referenced subchapter pertains only to the treatment of individuals housed or residing in an institution as defined in 42 U.S.C. § 1997(1). In this case Poulson's allegations do not establish he was retaliated against for reporting conditions in an institution which violate the referenced law. Section 1997d is irrelevant to Poulson's allegations, and his allegations fail to state a claim for relief under the statute.

Additionally, 42 U.S.C. § 1997e is inapplicable in this case. Section 1997e governs suits filed by prisoners. Poulson is not presently a prisoner, and his allegations do not arise from circumstances while he was a prisoner.

Based on the foregoing, all of Poulson's express federal claims fail to state a claim upon which relief could be granted. Therefore, the Court recommends they be dismissed.

### III. Conclusion

For the reasons discussed, the Court concludes Poulson's express legal

claims fail to state a cognizable claim for relief, and could not be cured by the allegation of other facts. Therefore, IT IS HEREBY RECOMMENDED that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED this 7th day of February, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge